[Cite as *State v. Smith*, 2013-Ohio-3330.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| NATHAN L. SMITH | : | Case No. 13-CA-07 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:        Appeal from the Court of Common
                                Pleas, Case No. 12 CR 00510


JUDGMENT:                       Affirmed


DATE OF JUDGMENT:               July 29, 2013


APPEARANCES:

For Plaintiff-Appellee                  For Defendant-Appellant

BRIAN T. WALTZ                          WILLIAM T. CRAMER
20 South Second Street                  470 Olde Worthington Road
4th Floor                               Suite 200
Newark, OH  43055                       Westerville, OH  43082

*Farmer, J.*

{¶1}    On September 20, 2012, Ohio State Highway Patrol Trooper Michael Wilson, stopped appellant, Nathan Smith, for a traffic violation.  Upon investigation, Trooper Wilson discovered a bag of crack cocaine.

{¶2}    On September 28, 2012, the Licking County Grand Jury indicted appellant on one count of possessing cocaine in violation of R.C. 2925.11 (A)(C)(4)(d) and one count of possessing marijuana in violation of R.C. 2925.11(A)(C)(3)(b).

{¶3}    A jury trial commenced on January 15, 2013.  The jury found appellant guilty as charged.  By judgment entry filed January 16, 2013, the trial court sentenced appellant to an aggregate term of four years in prison.

{¶4}    Appellant filed an appeal and this matter is now before this court for consideration.  Assignments of error are as follows:

I

{¶5}    "APPELLANT'S CONVICTION FOR POSSESSING COCAINE WAS NOT SUPPORTED BY THE WEIGHT OF EVIDENCE."

II

{¶6}    "THE TRIAL COURT VIOLATED DUE PROCESS AND R.C. 2967.28 BY ATTEMPTING TO DENY THE ADULT PAROLE AUTHORITY THE POWER TO RECOMMEND A REDUCTION IN THE MANDATORY PERIOD OF POST-RELEASE CONTROL."

I

{¶7} Appellant claims his conviction was against the manifest weight of the evidence as the facts failed to establish that he had possession of the cocaine. We disagree.

{¶8} On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Martin,* 20 Ohio App.3d 172, 175 (1st Dist.1983). See also, *State v. Thompkins*, 78 Ohio St.3d 380, 1997-Ohio-52. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." *Martin* at 175.

{¶9} Appellant was convicted of possession of cocaine in violation of R.C. 2925.11(A)(C)(4)(d) which states the following:

No person shall knowingly obtain, possess, or use a controlled substance or a controlled substance analog.

Whoever violates division (A) of this section is guilty of one of the following:

(4) If the drug involved in the violation is cocaine or a compound, mixture, preparation, or substance containing cocaine, whoever violates division (A) of this section is guilty of possession of cocaine. The penalty for the offense shall be determined as follows:

(d) If the amount of the drug involved equals or exceeds twenty grams but is less than twenty-seven grams of cocaine, possession of cocaine is a felony of the second degree, and the court shall impose as a mandatory prison term one of the prison terms prescribed for a felony of the second degree.

{¶10} Appellant argues Trooper Wilson's testimony about cocaine possession was not credible. We note the weight to be given to the evidence and the credibility of the witnesses are issues for the trier of fact. *State v. Jamison,* 49 Ohio St.3d 182 (1990). The trier of fact "has the best opportunity to view the demeanor, attitude, and credibility of each witness, something that does not translate well on the written page." *Davis v. Flickinger,* 77 Ohio St.3d 415, 418, 1997-Ohio-260.

{¶11} Trooper Wilson testified after conducting a traffic stop and smelling and observing marijuana, he asked appellant to step out of the vehicle and patted him down. T. at 51-52, 55-56. Trooper Wilson felt a bulge in a plastic baggy near appellant's groin area between his buttocks. T. at 56-57. Based upon Trooper Wilson's experience in over 3000 drug arrests, when he felt the bulge, he believed it to be contraband. T. at 49, 57. Trooper Wilson walked appellant to the cruiser and confronted him about the drugs. T. at 58. Appellant stated it was "a bag of weed" and agreed to retrieve it himself. *Id.* Trooper Wilson uncuffed appellant and a tussle ensued. *Id.* Trooper Wilson observed a bag of "suspected crack cocaine" come out of appellant's pants and fly through the air. T. at 59-60. The bag landed next to the passenger who was sitting in the grass. T. at 60-61. Trooper Wilson retrieved the bag after placing appellant in

the cruiser. The contents of the bag tested positive for "cocaine base," also called crack cocaine. T. at 120-121, 125.

{¶12} Upon review, we find this sole testimony to be sufficient to support the guilty finding, and no manifest miscarriage of justice.

{¶13} Assignment of Error I is denied.

II

{¶14} Appellant claims the trial court erred in sentencing him to post-release control which is "not subject to reduction by the Adult Parole Authority" in violation of R.C. 2967.28(B) and (D)(3). We disagree.

{¶15} R.C. 2967.28(B) states the following in pertinent part:

Each sentence to a prison term for a felony of the first degree, for a felony of the second degree, for a felony sex offense, or for a felony of the third degree that is an offense of violence and is not a felony sex offense shall include a requirement that the offender be subject to a period of post-release control imposed by the parole board after the offender's release from imprisonment.***Unless reduced by the parole board pursuant to division (D) of this section when authorized under that division, a period of post-release control required by this division for an offender shall be of one of the following periods:

(2) For a felony of the second degree that is not a felony sex offense, three years.

{¶16} R.C. 2967.28(D)(3) states the following in pertinent part:

At any time after a prisoner is released from imprisonment and during the period of post-release control applicable to the releasee, the adult parole authority or, pursuant to an agreement under section 2967.29 of the Revised Code, the court may review the releasee's behavior under the post-release control sanctions imposed upon the releasee under this section. The authority or court may determine, based upon the review and in accordance with the standards established under division (E) of this section, that a more restrictive or a less restrictive sanction is appropriate and may impose a different sanction. The authority also may recommend that the parole board or court increase or reduce the duration of the period of post-release control imposed by the court. If the authority recommends that the board or court increase the duration of post-release control, the board or court shall review the releasee's behavior and may increase the duration of the period of post-release control imposed by the court up to eight years. If the authority recommends that the board or court reduce the duration of control for an offense described in division (B) or (C) of this section, the board or court shall review the releasee's behavior and may reduce the duration of the period of control imposed by the court.

{¶17} Appellant argues R.C. 2967.28(D)(3) authorizes the Adult Parole Authority to review the behavior of any releasee and make a recommendation to increase or

reduce the duration of post-release control if warranted; therefore the trial court erred in imposing post-release control "not subject to reduction by the Adult Parole Authority."

{¶18} Appellant was convicted of a felony of the second degree which requires mandatory post-release control for three years. R.C. 2967.28(B)(2).

{¶19} Upon review, we find the trial court did not err in stating appellant's post-release control was not subject to modification given the statutory sentencing scheme.

{¶20} Assignment of Error II is denied.

{¶21} The judgment of the Court of Common Pleas of Licking County, Ohio is hereby affirmed.

By Farmer, J.

Gwin, P.J. and

Baldwin, J. concur.

_____
Hon. Sheila G. Farmer

_____
Hon. W. Scott Gwin

_____
Hon. Craig R. Baldwin

SGF/sg 717

IN THE COURT OF APPEALS FOR LICKING COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| NATHAN L. SMITH | : | |
| | : | |
| Defendant-Appellant | : | CASE NO. 13-CA-07 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Licking County, Ohio is affirmed. Costs to appellant.

_____
Hon. Sheila G. Farmer

_____
Hon. W. Scott Gwin

_____
Hon. Craig R. Baldwin